# EXHIBIT A

# MEMORANDUM

| | |
|---|---|
| **To:** | James T. Fishback, CEO, Azoria Capital, Inc. |
| **From:** | Steve Roberts, Anna Mackin, Jesse Vazquez<br>Lex Politica, PLLC |
| **Date:** | August 22, 2025 |
| **Re:** | President Trump's Authority to Remove Governor Lisa D. Cook "For Cause" Under 12 U.S.C. § 242 |

This memorandum describes President Trump's legal authority to remove Federal Reserve Governor Lisa D. Cook **for cause** in light of the allegations regarding potential mortgage fraud in connection with her purchase of various residential properties and her apparent repeated misrepresentations of mortgage loans on federal ethics forms.

## SUMMARY OF FINDINGS

- **President Trump clearly has authority to remove Governor Cook "for cause,"** assuming the allegations of mortgage fraud *or* lying on federal ethics forms are confirmed.

- For example, if President Trump and his staff review documentary evidence of Governor Cook's relevant transactions—obtained through proper procedural channels—and find that such evidence substantiates the allegations of mortgage fraud or lying on federal ethics forms, this would justify removal for cause.

- The DOJ's investigation of Governor Cook's alleged conduct and any charges that the DOJ ultimately files further support removal for cause, but we do not believe that an indictment is necessary before the President may remove Governor Cook "for cause" under the Federal Reserve Act.

**[APPLICABLE LAW & ANALYSIS CONTINUE ON NEXT PAGE]**

**James T. Fishback, CEO, Azoria Capital, Inc.**
Page **2** of **8**

**1.    Background**

Lisa D. Cook has served as a member of the Board of Governors of the Federal Reserve System since May 23, 2022, following her nomination by President Joe Biden and confirmation by the Senate on May 10, 2022. Prior to her appointment, she was a professor of economics and international relations at Michigan State University and served on the board of directors of the Federal Reserve Bank of Chicago.[1]

On August 15, 2025, FHFA Director William Pulte transmitted a referral to DOJ regarding Governor Cook's mortgage activity.[2] The letter stated that, "according to mortgage documents obtained by U.S. Federal Housing, it appears an individual, Ms. Lisa DeNell Cook, has falsified bank documents and property records to acquire more favorable loan terms, potentially committing mortgage fraud under the criminal statute."[3]

The letter states that on June 18, 2021, Cook "acquired a loan on the property at 2105 Jackson Avenue, Ann Arbor, Michigan 48103 and entered into a fifteen-year mortgage agreement with the University of Michigan Credit Union for $203,000, plus interest."[4] In connection with that mortgage, she represented that she would "use the Property as Borrower's principal residence within 60 days…[and] shall continue to occupy the Property as [her] principal residence for at least one year after the date of occupancy."[5]

The FHFA further stated that only two weeks later, on July 2, 2021, Cook "also purchased a condominium in Atlanta's 'Above the Four Seasons' building … and entered into a thirty-year mortgage agreement with Bank Fund Staff Federal Credit Union for $540,000."[6] In that agreement, she again "affirmed that this property would serve as her primary residence within sixty days of the execution of the mortgage and would serve as her primary residence for a full year."[7]

The referral attached supporting exhibits (not yet made public) purporting to show that the Atlanta condominium "was listed for rent in September 2022" and had been treated

---

[1] Kim Ward, *MSU's Lisa Cook Elected to Federal Reserve Bank of Chicago Board*, MSUToday (Jan. 12, 2022), *available at* https://msutoday.msu.edu/news/2022/lisa-cook-federal-bank-chicago.
[2] William Pulte, Dir., Fed. Hous. Fin. Agency, Referral Letter to Dep't of Just. (Aug. 15, 2025), *available at* https://x.com/pulte/status/1958138434171629636.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*

2

as a rental property by Cook.[8] The FHFA alleged that these actions could constitute mortgage fraud and bank fraud under federal law and warranted criminal investigation.[9]

Following the referral, President Trump publicly demanded Cook's resignation, declaring that she "must resign, now" in light of the allegations.[10] Cook responded the same day, denying the allegations, emphasizing that the mortgage application at issue predated her service on the Federal Reserve Board, and stating that she had "no intention of being bullied to step down."[11]

On August 21, 2025, DOJ attorney Edward Martin confirmed in a letter to Federal Reserve Chair Jerome Powell that the DOJ plans to investigate the allegations against Cook.[12]

Further, in multiple personal financial disclosures filed under the Ethics in Government Act required due to her position on the Board of Governors – filed as recently as June 15, 2025 – Cook disclosed the mortgage on the Atlanta property as a "mortgage on personal residence."[13] Cook electronically signed that document with the note "I certify that the statements I have made in this form are true, complete and correct to the best of my knowledge."[14]

## 2. Legal Framework

The Federal Reserve Act ("FRA") provides that members of the Board of Governors "shall hold office for a term of fourteen years from the expiration of the term of their predecessors, ***unless sooner removed for cause by the President***."[15] This language makes clear that the President has independent authority under the FRA to remove members of the Board of Governors, so long as that removal is "for cause." Notably, the statute does not define "for cause," and no court has construed the meaning of that phrase in the

---

[8] *Id.*

[9] *Id.*; *see also* Eric Revell, *Trump Calls for Fed Governor's Resignation as Ally Requests DOJ Probe*, FOX BUS. (Aug. 20, 2025), *available at* https://www.foxbusiness.com/economy/trump-calls-fed-governors-resignation-ally-requests-doj-probe.

[10] *Id.*

[11] Bernd Debusmann Jr., *Fed Governor Says She Won't Be 'Bullied' as Trump Demands She Quit over Mortgage Claim*, BBC NEWS (Aug. 20, 2025), *available at* https://www.bbc.com/news/articles/cx276gg2gwro.

[12] Kevin Breuninger & Sara Eisen, *Trump Official Says DOJ Will Investigate Fed Governor Cook*, CNBC (Aug. 20, 2025), available at https://www.cnbc.com/2025/08/21/trump-powell-cook-fed-mortgage-fraud.html.

[13] These disclosures are available from the U.S. Office of Government Ethics, *see* https://www.oge.gov/web/OGE.nsf/Officials%20Individual%20Disclosures%20Search%20Collection.

[14] *See id.*

[15] 12 U.S.C. § 242 (emphasis added).

context of § 242. There are likewise no judicial decisions addressing what would satisfy the requirement of "for cause" removal of a Federal Reserve Governor under the FRA.

The most analogous and often referenced case regarding Presidential removal of members of independent agencies is *Humphrey's Executor v. United States*, 295 U.S. 602 (1935). There, the Supreme Court held that President Franklin D. Roosevelt could not remove a Federal Trade Commissioner under the Federal Trade Commission Act ("FTCA") because none of the specifically enumerated grounds for removal in the FTCA, "inefficiency, neglect of duty, or malfeasance in office," applied.[16] *Humphrey's* has been interpreted to stand for the principle that when Congress creates independent agencies and restricts removal of officers to certain "causes," Presidents cannot remove said officers at will and any removal must fall within the grounds Congress provided.[17]

In *Wiener v. United States*, 357 U.S. 349 (1958), the Court extended that logic to the War Claims Commission, concluding that even though the governing statute did not expressly enumerate causes for removal, Congress's intent to create a quasi-judicial body implied that commissioners were protected from at-will removal. *Wiener* reinforces that "for cause" limits are construed to preserve the independence Congress intended for certain officers.

More recently, the Court has revisited removal protections. In *Seila Law LLC v. Consumer Financial Protection Bureau*, 591 U.S. 197 (2020), the Court held that "for cause" protections for the single-director CFPB violated separation-of-powers principles, but emphasized that *Humphrey's* remains controlling for multimember expert commissions performing quasi-legislative or quasi-judicial functions.[18] Similarly, in *Trump v. Wilcox*, 145 S. Ct. 1415 (2025) (stay order), the Court suggested that certain agencies such as the NLRB and MSPB may exercise significant executive power and therefore fall outside *Humphrey's* protection, but the Court expressly distinguished the Federal Reserve, describing it as a "uniquely structured, quasi-private entity" with a distinct historical pedigree.[19]

---

[16] *Humphrey's*, 295 U.S. at 631-32.

[17] *See Wiener*, 357 U.S. at 353-356 (1958) ("Judging the matter in all the nakedness in which it is presented, namely, the claim that the President could remove a member of an adjudicatory body…merely because he wanted his own appointees on such a Commission, we are compelled to conclude that no such power is given to the President directly by the Constitution, and none is impliedly conferred upon him by statute simply because Congress said nothing about it. The philosophy of Humphrey's Executor, in its explicit language as well as its implications, precludes such a claim.").

[18] *See Seila*, 591 U.S. at 213-18.

[19] *Wilcox*, 605 U.S. at 1415.

### 3. Analysis

As described below, President Trump has present legal authority to remove Cook for cause. The FRA does not define what "for cause" means and no court has directly construed its meaning under the FRA. Therefore, we derive the governing standard from the text and the closest authorities, and apply that standard to the available information.

#### 3.1. When the President has a real, legally cognizable reason for removal, as here, removal "for cause" is appropriate.

Under § 242, the standard for "for cause" removal should be read more broadly than the formulation from *Humphrey's* – *i.e.*, "inefficiency, neglect of duty, or malfeasance in office." While—as a general matter—*Humphrey's* is typically regarded as the leading authority in this area, it does not determine the case at hand because *Humphrey's* turned on the specific enumerated grounds for removal Congress wrote into the FTCA. The FRA contains no such enumerated grounds for removal and the "for cause" language in that Act is not limited to "inefficiency, neglect of duty, or malfeasance in office." To the extent *Humphrey's* applies, it should be limited to its core principle: when Congress grants the President conditional removal authority over officers of an independent agency, removal cannot be at-will or based on policy disagreement; it must rest on a reason that fits within the authority Congress conferred.

*Weiner* and the rest of *Humphrey's* progeny is consistent with interpretation. None of those cases purport to define "for cause"; rather, they reiterate that the President may not remove members of independent, quasi-judicial or expert bodies at-will. There must be a genuine legal ground—a non-arbitrary, non-capricious reason—for removal. That understanding directly aligns with Black's Law Dictionary's definition of "for cause"— *i.e.*, "for a legal reason or ground,"—and yields a workable standard for § 242.

In sum, the President has the authority under the FRA to remove a Federal Reserve Governor "for cause," when, as here, he can articulate a genuine legal reason to do so.

#### 3.2. There are three potential reasons to remove Governor Cook for cause.

##### 3.2.1. The information in the FHFA's letter, assuming it is substantiated, provides cause for removal.

As set forth in the DOJ referral, the FHFA states that it has evidence that Governor Cook: (i) certified a June 18, 2021 Ann Arbor mortgage as a primary-residence loan; (ii) two

weeks later obtained an Atlanta condominium mortgage, likewise on a primary-residence certification; and, (iii) thereafter treated the Atlanta unit as a rental (including a public rental listing). On their face, those allegations directly implicate at least two serious federal crimes:

- 18 U.S.C. § 1014 (making false statements to influence a bank loan): "Whoever knowingly makes any false statement or report, or willfully overvalues any land, property or security, for the purpose of influencing in any way the action of … a mortgage lending business … upon any application … shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both."

- 18 U.S.C. § 1344 (bank fraud): "Whoever knowingly executes, or attempts to execute, a scheme or artifice— (1) to defraud a financial institution; or (2) to obtain … property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both."

Both of these crimes are felonies. Assuming the information in the FHFA letter is substantiated, this is a genuine, non-arbitrary legal reason for removal under § 242.

### 3.2.2. Misleading financial disclosures provide cause for removal.

The available information also indicates that on multiple personal financial disclosures filed under the Ethics in Government Act, as recently as June 15, 2025, Cook disclosed a mortgage on the Atlanta condominium residence as a "mortgage on personal residence." Falsifying information on a federal financial disclosure is punishable by a financial fine and up to one year imprisonment. 5 U.S.C. App. § 104. Such misrepresentations provide cause for removal under § 242.

### 3.2.3. A DOJ investigation and any charges filed would further support removal for cause.

The DOJ's decision to investigate the above information further supports removal for cause. If DOJ files criminal charges after investigating the same, the seriousness of the conduct, and its obvious bearing on the integrity expected of a Federal Reserve Governor, would further support removal for cause under § 242.

### 3.3.   Governor Cook's anticipated counterarguments are unpersuasive.

While Governor Cook will likely raise several counter arguments against her removal, we do not expect these to alter the result. First, we expect Governor Cook to argue that a prosecution—or even the filing of charges—is not an adjudication of guilt sufficient to warrant removal under the FRA. But nothing in the FRA conditions removal of a Federal Reserve Governor on a guilty verdict or a judicial finding. As set out above, "for cause" in this context means a bona fide, legally cognizable reason for removal. A substantiated finding that the Governor made false occupancy representations to obtain preferential mortgage terms is such a reason. While formal charges, if filed, would materially reinforce that the conduct satisfies federal criminal elements, they are not a prerequisite for removal under the FRA.

Second, Governor Cook has already suggested she cannot be removed on the basis of these mortgages because she obtained them prior to her tenure on the Board. This timing argument is unpersuasive for two reasons. First, regardless of when the mortgages were signed, if the primary-residence certifications were false and the contractual occupancy conditions remain unmet, the preferential terms continue to confer *ongoing* benefits during her tenure; the effects are not merely historical. Moreover, beyond these continuing effects, serious, document-based dishonesty in financial dealings directly undermines the trust and judgment essential to service on the Board and can constitute cause even if the acts occurred before appointment. Further, her annual financial disclosures filed since taking office, as recently as two months ago, indicate an apparent continued artifice as to the nature of the mortgage loan.

Finally, we expect Governor Cook to raise a pretext argument—*i.e.* that the mortgage issue is a cover for President Trump to remove her because of policy disagreements. The record and available evidence however seriously undermine this claim. The FHFA referral represents that the agency already has documentary corroboration (mortgage files and occupancy certifications, a public rental listing, and potentially other documentary evidence). An evidence-based predicate of that kind rebuts pretext and anchors removal in a concrete, legally cognizable ground tied to integrity and fitness, not politics.

In short, under the standard articulated above, confirmed mortgage-occupancy fraud or false statements on required ethics disclosures meet § 242's "for cause" requirement. Cause is further supported by investigations into these matters by the DOJ, and any resulting criminal charges. These are real, non-pretextual reasons for removal that bear directly on the Governor's fitness for office.

**James T. Fishback, CEO, Azoria Capital, Inc.**
Page **8** of **8**

## 4.     Conclusion

Based on publicly available information, President Trump clearly has authority to remove Governor Cook "for cause," assuming the allegations of mortgage fraud *or* lying on federal ethics forms are confirmed. The DOJ's investigation of the foregoing conduct and any charges filed provide additional cause for removal, but we do not believe that an indictment is necessary to remove Governor Cook for cause.