IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Case No. 25-CV-02903 (JMC)

LISA D. COOK,

        Plaintiff,

v.

DONALD J. TRUMP, et al.,

        Defendants.

---

**BRIEF OF AMICUS CURIAE K.L. SMITH
IN SUPPORT OF NEITHER PARTY**

---

The undersigned respectfully states as follows:

**ARGUMENT**

Amicus is the Petitioner in a matter styled *Smith v. Trump*, No. 2025-CAB-004825 (D.C. Super. Ct. 2025), seeking to remove Defendant Trump from office using a writ of *quo warranto*.[1]  Amicus is an individual American citizen with no personal interest in the outcome of this matter.

---

[1] This is going to seem like inside baseball—something even legendary pundits missed. *E.g.,* J. Michael Luttig and Laurence H. Tribe, Supreme Betrayal, *The Atlantic*, Mar. 14, 2024.  Congress was vested "with power to enforce, by appropriate legislation, the provisions of this article." U.S. Const. amend. XIV, § 5.  Not just Section 3, but the entire Fourteenth Amendment.  With respect to Section 3, they enacted the Enforcement Act of 1870, imposing a "duty" on local federal district attorneys to bring civil actions to remove anyone holding nonlegislative office—federal or state—in violation of Section 3.  Enforcement Act of 1870, §14, 16 Stat. 143 (1870).  Courts have historically adjudicated Section Three challenges through the *quo warranto* where available, *see e.g., Louisiana ex rel. Sandlin v. Watkins*, 21 La. Ann. 631 (La. 1869), or mandamus, if not. *E.g., Worthy v. Barrett*, 63 N.C. 199, 205 (1869).

For whatever reason, as part of its supervision of the District, Congress enacted the predecessor to D.C. Code 16-3501, *et seq.,* which has the same effect for all federal officers working within the District. When they ran out of Confederates to remove, Congress repealed the portion of the Act imposing a duty on prosecutors to act with alacrity, 35 Stat. 1153–1154, 62 Stat. 992–993, but the common law remedy in the nature of quo warranto remained, *United States ex rel. State of Wisconsin v. First Federal Sav. & Loan Ass'n*, 151 F. Supp. 690 (E.D. Wisc. 1957), as did the parallel D.C. Code provision.  *Newman v. United States ex rel. Frizzell*, 238 U.S. 537 (1915).  And it remains available today, consistent with the Framers' design.

This mechanism was recently used in New Mexico to remove Coay Griffin from state office.  *N.M. ex rel. White v. Griffin*, No. D-101-CV-2022-00473 (N.M. Dist. Ct. Santa Fe Cnty. 2022).  The processes are substantially identical across jurisdictions: under the D.C. protocol, the Attorney General and local U.S. attorney had the right of first refusal.



While a President might be able to remove a Governor of the Fed from office for cause, **a non-President <u>certainly</u> may not.** Defendant Donald Trump is an adjudged insurrectionist who broke his oath to support the Constitution and as such, is ineligible to serve in that position as a matter of law.[2] Further, binding Supreme Court precedent has established that every act Trump purports to take in that capacity is void *ab initio*. *Norton v. Shelby County*, 118 U.S. 425, 443 (1886).[3]

The controlling law is not amenable to reasonable dispute. First and foremost, the Fourteenth Amendment is self-executing.[4] Second, the unambiguous text of the foundational law that We the

---

For what should be obvious partisan reasons, they have effectively declined; Mr. Trump has been served but regrettably, this process takes time.

[2] Judge Wallace found after a trial on the merits in which Trump fully participated by clear and convincing evidence that Trump had engaged in insurrection, *Anderson v. Griswold*, No. 23CV32577, ¶¶241, 298 (Dist. Ct., City & Cnty. of Denver, Nov. 17, 2023), and stipulated that he had sworn out a qualifying oath. *Id*. at ¶ 56; *Trump v. Anderson*, 601 U.S. 100 (2024), did not disturb the trial court's factual findings.

[3] In pertinent part, the Supreme Court observed that

> ...when the constitution or form of government remains unaltered and supreme, there can be no de facto department, or de facto office. The acts of the incumbents of such departments or office cannot be enforced conformably to the constitution, and can be regarded as valid only when the government is overturned.

This conclusion is consistent with our concept of popular sovereignty, foreign to our British forebears. The Framers' views were consonant with that of Locke, who maintained that a usurper could never attain legitimate power. John Locke, *Second Treatise of Government* ch. XVIII (1689). E.g., John Adams, *Novanglus* No. 5, Feb. 20, 1775; Thomas Jefferson, *Kentucky Resolution* (1798) (acts in excess of jurisdiction are void *ab initio*); George Washington, *Farewell Address* (Sept. 19, 1796) (the Constitution is the outer boundary of popular consent); Federalist No. 84 (Hamilton) (same). The stirring prose of Thomas Paine distills the thought. "[I]n America **THE LAW IS KING**. For as in absolute governments the King is law, so in free countries the law ought to be King; and there ought to be no other." Thomas Paine, *Common Sense* (Philadelphia, R. Bell, 1776) (emphasis in original), reprinted in pt. III, ¶ 103 (Project Gutenberg, 1994). As long as we remain governed by the Constitution, either an occupant of an office has a legal right to discharge the duties of an office, or s/he does not. There is no third option.

This is in direct contrast to the experience in medieval England during the Wars of the Roses (1455-1487), where factions vied over the kingship. As it wasn't entirely clear who the actual King was, Parliament enacted *The Treason Act*, 11 Hen. VII [1495], c. 1 ("noe person going wth the Kinge to the Warres shalbe attaynt of treason"), creating the de facto officer doctrine. Translated from the Middle English, it forbade legal punishment of subjects who followed the orders of the de facto king, irrespective of whether he was legitimate or a usurper. **Importantly, it is NOT a common-law doctrine.**

[4] *Marbury v. Madison,* 5 U.S. 137, 177 (1803). There is no support in precedent or logic for the proposition that a constitutional provision must be activated by formal legislation to become effective. *E.g., United States v. Stanley (Civil Rights Cases),* 109 U.S. 3, 20 (1883) ("the Thirteenth amendment, as well as the Fourteenth, is undoubtedly self-executing without any ancillary legislation"), *City of Boerne v. Flores*, 521 U.S. 507, 524 (1997) (Fourteenth); *South Carolina v. Katzenbach*, 383 U.S. 301, 325 (1966) (Fifteenth).

Any doubt on this score was laid to rest by the tale of Col. Nathan Tift. Upon the readmission of Georgia to representation, Tift was elected as a Democrat to the Fortieth Congress. The Fourteenth Amendment was ratified on July 9, 1868—presumably, while Tift was *en route*. But rather than remove Tift's disability, Congress passed a private bill

People enacted controls. *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) (per Thomas, J., collecting cases). Thereunder, any individual who has previously "taken an oath … to support the Constitution of the United States" and found to have "engaged in insurrection or rebellion against the same" shall not "hold any office, civil or military, under the United States," unless Congress, in their infinite wisdom, "by a vote of two-thirds of each House, remove[s] such disability." U.S. Const. amend. XIV, § 3.

It is a hard ban. Like the requirements that a Senator be over thirty, have been a citizen for at least nine years, and an inhabitant of the State you purport to serve. U.S. Const. art. I, § 3, cl. 3. The only difference is that it is not necessarily a *permanent* ban. U.S. Const. amend. XIV, § 3.

## CONCLUSION

Section 3 of the Fourteenth Amendment is pellucid and straightforward: Public officials who take an oath to support the Constitution and thereafter engage in insurrection are disqualified from ever again holding public office, unless Congress affirmatively removes that disability.[5] As every fact that matters is amenable to judicial notice, simple logic should dispose of this case.

---

**enabling him to serve out that Term—but no more**. "Congress enacted a private bill to remove the Section 3 disability of Nelson Tift of Georgia, who had recently been elected to represent the State in Congress. See ch. 393, 15 Stat. 427. Tift took his seat in Congress immediately thereafter. See Cong. Globe, 40th Cong., 2d Sess., 4499-4500 (1868)." *Trump v. Anderson*, 601 U.S. 100, ___, 144 S. Ct. 662, 669 & n.2. But Georgia sent six secessionists to the Forty-First Congress which the members refused to seat, including Nathan Tift. Biographical Directory: Forty-First Congress at 179 & fn. 11, https://www.govinfo.gov/content/pkg/GPO-CDOC-108hdoc222/pdf/GPO-CDOC-108hdoc222-3-41.pdf

The logic is inescapable: If Congress needed to pass a law to make the Section enforceable, the Fortieth Congress did not need to pass a private bill to admit Tift, and the Forty-First had no lawful authority to prevent him and his colleagues from serving. *See also*, the cases of John M. Rice, 1 Hind's *Precedents of the House of Representatives* ch. 14, § 460, at 472-73 (1907), Lewis McKenzie, *id.* at 476-78, and wartime governor of North Carolina Zebulon B. Vance. "[T]he Vance saga proves that 'the Senate accepted the premise that, if it chose, it could have removed the disabilities of Zebulon Vance after his election, a procedure that had been followed for officials elected by several other southern states.'" *Cawthorn v. Amalfi*, 35 F. 4th 245, 280 (4th Cir. 2022) (Richardson, J., concurring; citation omitted).

[5] The pertinent Section of the Amendment provides:

> No person shall be a Senator or Representative in Congress, or elector of President and Vice-President, or hold any office, civil or military, under the United States, or under any State **[then, D]** who, having previously

*Fiat iustitia, ruat cœlum!* Let justice be done, though the heavens fail. The Constitution does not just apply when applying it is easy. The systematic failures that led to the ascension of Donald Trump will not be easy to unwind, but "easy" is not an element of any cause of action that I learned of in law school. Pardons, Executive Orders, Cabinet appointments and even laws (of course, you need the signature of a President to make a law, U.S. Const. art I, § 7, cl. 2) are all void by definition.[6] But that is not the concern of this Court.

The Constitution is our national catechism.[7] And thereunder, "everyone, from the President on down, is bound by law." *Trump v. CASA, Inc.,* No. 24A884, 606 U.S. ___ (2025) (Application for Stay granted Jun. 27, 2025), *slip. op.* at 24. I can't argue with Justice Barrett (or Justice Jackson) on this point. **Compliance is not optional.** *United States v. Peters*, 9 U.S. 121, 126 (1795); *Cohens v. Virginia*, 16 U.S. 264, 404 (1821); *see Ex parte Fitzbonne* (U.S. unreported 1800) (court has a duty to exercise the authority it has). As Chief Justice Marshall observed in *Marbury*, 5 U.S. at 177, either the Constitution means what it says, or it means nothing at all. You can either have President Trump or the Constitution, but you cannot have both.

This isn't about right or left; it's about right and wrong.

---

taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States **[Condition A]**, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof **[Condition B]**. But Congress may by a vote of two-thirds of each House, remove such disability **[not Condition C]**.

U.S. Const. amend. XIV, § 3 (interpretive commentary supplied).

[6] Rules of succession ensure continuation of the government, in any event. U.S. Const. Art. II, § 1, cl. 6; 3 U.S.C. § 19, and statutory Cabinet-level rules (e.g., 10 U.S.C. § 132, for the Department of Defense).

[7] Two centuries ago, this is quite literally how it was taught. Arthur J. Stansbury, *Elementary Catechism on the Constitution of the United States: For the Use of Schools* (Hilliard, Gray, Little, and Wilkins 1828).

Respectfully submitted this 1st day of September, 2025,


_____
K.L. Smith
3649 Evergreen Pkwy. #504
Evergreen, CO. 80437-0504
Manncoulter.fox@gmail.com
(720) 404-5383