UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LISA COOK, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-02903-JMC |
| | ) | |
| DONALD J. TRUMP, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |

**JOINT STATUS REPORT**

Plaintiff Lisa Cook ("Plaintiff") and Defendant Donald J. Trump ("Defendant") respectfully submit this joint status report to lay out their respective positions on scheduling and next steps in this matter.

Plaintiff and Defendant agree that (1) Plaintiff will file her reply brief in support of her motion for a temporary restraining order today (September 2, 2025); and (2) Defendant will submit a supplemental brief in opposition to the motion on September 4, 2025. Plaintiff believes that the Court indicated the possibility for Plaintiff to file a further sur-reply depending on which issues Defendant raises (and if necessary, such would be filed on September 5). Defendant does not concur in that interpretation of the transcript or believe that Plaintiff is entitled to a third brief in support of her pending motion.

Beyond the question of further briefing, Plaintiff and Defendant do not agree on the appropriate next steps.

**Plaintiff's Position:** Plaintiff believes that the Court should grant a temporary restraining order (TRO) to preserve the status quo, and then move to expedited cross-motions for summary judgment on the merits. Plaintiff proposes a schedule whereby opening motions would be filed by September 9, 2025, with responses by September 15, 2025, and a hearing as soon as possible thereafter, and a ruling before expiration of any TRO.

In practice, an expedited summary judgment proceeding may not require much more time than the Defendant's preliminary injunction preference. Plaintiff believes any discovery issues (if there is discovery) can be resolved expeditiously and would obviate the need for either party to invoke F.R.Civ.P. 56(d). As the Court noted, given the issues involved in this case, a decision on the merits would result in a complete record for speedy appellate review.

In the Defendant's preference, there could be three stages of briefings when Plaintiff's proposal would require only two.

**Defendant's Position:** Defendant submits that, given the parties' and the Court's substantive engagement on the legal issues presented by Dr. Cook's requested emergency relief, the Court should treat Dr. Cook's TRO motion as a motion for preliminary injunction. That would avoid redundant briefing and make clear that the non-prevailing party may appeal the order immediately, which would serve the interests of justice and judicial economy. Contrary to Plaintiff's statement above, that would not require any further briefing now.

Defendant does not agree that expedited summary judgment is possible at this stage. Although the legal questions relevant to Dr. Cook's request for emergency relief will be sufficiently briefed by September 4, the issues likely material to any summary judgment proceedings include factual questions as to which discovery will likely be needed (*e.g.*, whether Dr. Cook had actual notice of her potential for-cause termination, and the underlying facts giving rise to that termination). Any summary judgment motion would be premature at this time, and Defendant would almost certainly invoke Federal Rule of Civil Procedure 56(d) to ask the Court to defer such motion.

Accordingly, Defendant submits that the Court should treat Dr. Cook's TRO motion as a request for a preliminary injunction; adjudicate that motion; and stay further proceedings pending any appeal from that order. Defendant further requests that the Court adjudicate the pending motion by September 9, 2025, so that appellate relief can be secured, if necessary, before the Federal Reserve's next meeting on September 16, 2025.

| | |
|---|---|
| Dated: September 2, 2025 | Respectfully submitted, |
| | BRETT A. SHUMATE<br>Assistant Attorney General |
| */s/ Abbe David Lowell*<br>Abbe David Lowell [Bar No. 358651]<br>Brenna L. Frey*<br>David A. Kolansky [DDC No. 7680722]<br>Isabella M. Oishi [Bar No. 90018056]<br>Jack Bolen*<br>LOWELL & ASSOCIATES, PLLC<br>1250 H Street, N.W., Suite 250<br>Washington, DC 20005<br>T: (202) 964-6110<br>F: (202) 964-6116<br>ALowellpublicoutreach@lowellandassociates.com<br>BFrey@lowellandassociates.com<br>DKolansky@lowellandassociates.com<br>IOishi@lowellandassociates.com<br>JBolen@lowellandassociates.com | YAAKOV M. ROTH<br>Principal Deputy Assistant Attorney General<br><br>ERIC J. HAMILTON<br>Deputy Assistant Attorney General<br><br>EMILY HALL<br>JOHN BAILEY<br>Counsel to the Assistant Attorney General |
| *Attorneys for Governor Lisa Cook* | */s/ Jeremy S.B. Newman*<br>CHRISTOPHER R. HALL<br>Assistant Branch Director<br>JEREMY S.B. NEWMAN<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, NW<br>Washington, DC 20530<br>Telephone: (202) 532-3114<br>E-mail: jeremy.s.newman@usdoj.gov |
| Norman L. Eisen [Bar No. 435051]<br>Tianna J. Mays [Bar No. 90005882]<br>DEMOCRACY DEFENDERS FUND<br>600 Pennsylvania Avenue SE #15180<br>Washington, DC 20003<br>T: (202) 601-8678<br>norman@democracydefenders.org<br>tianna@democracydefenders.org | |
| *Attorneys for Governor Lisa Cook* | |
| * Application for admission or admission pro hac vice forthcoming. | *Counsel for Defendant Donald J. Trump* |