Civil Action 1:25-cv-02903-JMC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LISA D. COOK,
PLAINTIFF

v.

DONALD J. TRUMP, ET AL,
DEFENDANTS

**MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE MARTIN AKERMAN, TENURED CHIEF DATA OFFICER OF THE NATIONAL GUARD BUREAU, IN SUPPORT OF A LIMITED TEMPORARY RESTRAINING ORDER AND DISMISSAL FOR LACK OF JURISDICTION**

MARTIN AKERMAN, PRO SE
PO BOX 100057
Arlington, VA 22210
makerman.dod@gmail.com
(202) 656-5601

JULY 28, 2025

Pursuant to Local Civil Rule 7(o), prospective amicus curiae Martin Akerman respectfully moves for leave to file the accompanying brief. This brief supports Plaintiff's Motion for a Temporary Restraining Order only to the limited extent that it preserves her pay and benefits during the pendency of a proper administrative and judicial review. It supports Defendants' position that this Court should dismiss the remainder of the Complaint as premature and for lack of jurisdiction.

Counsel for Plaintiff has been notified of this motion. Counsel for Defendants has been notified of this motion.

## IDENTITY AND INTEREST OF AMICUS CURIAE

Amicus curiae Martin Akerman is a tenured federal officer, serving as the Chief Data Officer of the National Guard Bureau. His interest in this matter is direct, substantial, and unique. Mr. Akerman is currently engaged in his own protracted litigation regarding his tenure and removal from his federal position, for which the government allegedly provided a fabricated reason. His personal and professional experience provides him with a unique perspective on the critical importance of procedural due process in removal actions against federal officers.

Mr. Akerman's litigation has involved complex jurisdictional questions, including a matter before this very Court and presiding Judge, where his pro se petition was dismissed for lack of jurisdiction and he was directed to the proper forum (Akerman v. United States, Case No. 1:23-cv-02597 (D.D.C.)).

He is therefore uniquely positioned to address the doctrines of ripeness and exhaustion of remedies, which are central to the argument presented in the accompanying brief. His ongoing case before the U.S. Supreme Court (Akerman v. Merit Systems Protection Board, No. 25A26) concerns the integrity of the administrative record in removal proceedings and the proper forum for resolving such disputes.

## REASONS WHY AN AMICUS BRIEF IS DESIRABLE AND RELEVANT

The proposed amicus brief will aid the Court by providing a perspective not adequately represented by either party. While the Plaintiff focuses on the merits of her removal and the President's authority, and the Defendants will focus on defending that authority, this brief focuses on a threshold issue: the proper procedural and jurisdictional path for such a momentous dispute.

The brief is desirable for three reasons:

1. It champions a measured, procedural approach. It argues for a middle path that respects both the President's constitutional duty under the Take Care Clause to ensure the faithful execution of the laws and the tenured officer's constitutional right to due process. It proposes a solution that safeguards the officer's property interests (pay) while insulating the office itself from an individual under a cloud of serious allegations.

2. It introduces the correct, yet overlooked, legal remedy. The brief argues that the Plaintiff has bypassed the proper legal mechanism for challenging an individual's right to hold public office: the writ of quo warranto. This ancient writ, codified for use in the District of Columbia, is the specific tool for resolving this dispute, and its procedural requirements have not been met. By filing a complaint for injunctive relief, the Plaintiff asks this Court to short-circuit a well-established legal process.

3. It provides a crucial real-world parallel. By drawing on amicus's own experience before this Court—being directed to the proper forum after a jurisdictional dismissal—the brief underscores the importance of judicial prudence and adherence to the doctrine of exhaustion of remedies. It argues that the current case is not ripe for review on the merits and that the Court should, as it has done before, decline to exercise jurisdiction prematurely.

This perspective, grounded in procedural integrity and informed by direct personal experience with the issues at hand, will provide a valuable and unique contribution to the Court's deliberation.

## CONCLUSION

For the foregoing reasons, Martin Akerman respectfully requests that the Court grant this motion and accept for filing the accompanying Brief of Amicus Curiae.

Respectfully Submitted,

MARTIN AKERMAN, PRO SE
PO BOX 100057
Arlington, VA 22210
makerman.dod@gmail.com
(202) 656-5601



**NATIONAL GUARD BUREAU**
1636 DEFENSE PENTAGON
WASHINGTON DC 20301-1636

DEC 20 2021

MEMORANDUM FOR ALL NATIONAL GUARD PERSONNEL

Subject: Appointment of a National Guard Bureau Chief Data Officer and Creating Competitive Advantage by positioning Data as a Strategic Asset

Reference: National Guard Strategic Data Management Framework, 08 June 2021

1. In accordance with the reference, I hereby designate Mr. Martin Akerman as the National Guard Bureau (NGB) Chief Data Officer (CDO).

2. The NGB CDO will lead the utilization and governance of data across the National Guard.

3. The NGB CDO, in coordination with the Army National Guard and the Air National Guard, will lead the National Guard's Implementation Plan of the Department of Defense Data Strategy. See the attached "Supporting Department of Defense Data 'Decrees'" for more information.

4. The point of contact is Mr. Martin Akerman; NGB-J6; 703-607-7125.

DANIEL R. HOKANSON
General, USA
Chief, National Guard Bureau

Attachment:
As stated

## ATTACHMENT

## SUPPORTING DEPARTMENT OF DEFENSE DATA 'DECREES'

1. The Department of Defense (DoD) released a memorandum, on 05 May 2021, outlining the importance of data management in establishing information superiority and enabling better decision-making. The National Guard plays a key role in the globally integrated and partnered Joint Force, designed and able to out-think, out-maneuver, and out-fight any adversary under conditions of disruptive change.

2. National Guard Bureau is adopting the five DoD Data 'Decrees' as outlined in the DoD memorandum by:

   a. Maximizing data sharing and rights for data use: all DoD data is an enterprise resource.

   b. Publishing data assets in the DoD federated data catalog along with common interface specifications.

   c. Using automated data interfaces that are externally accessible and machine-readable; ensure interfaces use industry-standard, non-proprietary, preferably open-source, technologies, protocols, and payloads.

   d. Storing data in a manner that is platform and environment-agnostic, uncoupled from hardware or software dependencies.

   e. Implementing best practices for secure authentication, access management, encryption, monitoring, and protection of data at rest, in transit, and in use.

3. The Joint Force will rapidly integrate, evaluate, and interpret data with artificial intelligence, machine language, and big data analytics. The National Guard Bureau Chief Data Officer will ensure the necessary data assets and expert resources are ready and empowered to help the National Guard achieve Joint All-Domain Operations, Senior Leader Decision Support and Executive Analytics while positioning our data to be visible, accessible, understandable, linked, trusted, interoperable, and secure (VAULTIS).

4. The National Guard will leverage better and faster human and machine-aided decision making to accelerate its response to changes in the operational environment (in collaboration with allies and partners), while adopting a rapid, iterative, and modular approach to capability development that will reduce costs, technology obsolescence, and acquisition risk.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARTIN AKERMAN,            )
                           )
    Petitioner,            )
                           )
        v.                 )    Civil Action No. 23-02575 (UNA)
                           )
SHERRI DOIRON,             )
                           )
    Respondent.            )
                           )

## ORDER

Petitioner Martin Akerman is a resident of Arlington, Virginia, who has filed *pro se* a "Petition Under Title 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person in State Custody," ECF No. 1, and a form application to proceed *in forma pauperis* ("IFP"), ECF No. 2. Petitioner has not answered the questions in the IFP application to enable an assessment of his ability to pay the $5 filing fee applicable to habeas actions. *See* 28 U.S.C. § 1914(a). In addition, the Petition appears to arise from a Nevada state conviction over which this district court would lack jurisdiction. *See* 28 U.S.C. § 2241(a) (authorizing district courts to grant writs of habeas corpus "within their respective jurisdictions"); *id.*§ 2241(d) (conferring concurrent jurisdiction over a § 2254 petition "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced" the petitioner).

Accordingly, it is

**ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis*, ECF No. 2, is **DENIED**; it is further

**ORDERED** that Petitioner's motions for a CM/ECF Password, ECF No. 3, and to appoint counsel, ECF No. 4, are **DENIED** as moot; and it is further

**ORDERED** that this habeas action is **DISMISSED** without prejudice and closed.

Date: October 4, 2023

_____s/_____
JIA M. COBB
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARTIN AKERMAN, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civil Action No. 23-02597 (UNA) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

**ORDER**

Petitioner Martin Akerman is a resident of Arlington, Virginia, who has filed *pro se* a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence By A Person in Federal Custody," ECF No. 1, and a form application to proceed *in forma pauperis* ("IFP"), ECF No. 2. Petitioner has not answered the questions in the IFP application to enable an assessment of his ability to pay the $5 filing fee applicable to habeas actions. *See* 28 U.S.C. § 1914. In addition, the Petition appears to arise from a conviction not entered in this court and thus over which jurisdiction is lacking. *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released" on certain grounds must "move the court which imposed the sentence to vacate, set aside or correct the sentence."). Accordingly, it is

**ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis*, ECF No. 2, is **DENIED**, and Petitioner's motion to appoint counsel and for a CM/ECF Password, ECF No. 3, is **DENIED** as moot; it is further

**ORDERED** that this case is **DISMISSED** without prejudice and closed.

_____s/_____
JIA M. COBB
United States District Judge

Date: October 4, 2023