UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA D. COOK, in her official capacity as a member of the Board of Governors of the Federal Reserve System and her personal capacity,<br><br>              Plaintiff,<br><br>     v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>              Defendants. | Case No. 25-cv-2903 (JMC) |

## ORDER

Joshua Hall, a prisoner filing *pro se*, has moved to intervene in this litigation. ECF 33. Under Federal Rule of Civil Procedure 24, a party may intervene as of right or permissively. To intervene under Rule 24, "a putative intervenor's motion 'must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.'" *Pappas v. District of Columbia*, No. 19-cv-2800 (RC), 2025 WL 2023211, at *2 (D.D.C. July 18, 2025) (citing Fed. R. Civ. P. 24(c)). Hall has failed to comply with the procedural requirements of Rule 24(c) because he has not accompanied his motion with a proposed pleading and has not articulated on which basis he seeks to intervene—either as of right or permissively. "The Court could deny the motion based on that failure to comply with the federal rules alone." *Friends of the Earth v. U.S. Env't Prot. Agency*, No. 12-cv-0363 (ABJ), 2012 WL 13054264, at *2 (D.D.C. Apr. 11, 2012). Even were the Court to overlook Hall's procedural failures because of his *pro se* status, the Court finds that Hall has failed to demonstrate that intervention is proper under either standard.

First, Hall may not intervene as of right. A party seeking to intervene as of right under Rule

1

24(a)(2) must demonstrate Article III standing. *Yocha Dehe v. U.S. Dep't of the Interior*, 3 F.4th 427, 430 (D.C. Cir. 2021) ("[T]o intervene under Rule 24(a), the movant must demonstrate that it has standing under Article III."); *see also IGas Holdings, Inc. v. Env't Prot. Agency*, 146 F.4th 1126, 1135 n.2 (D.C. Cir. 2025). Because the question of Hall's standing goes to the Court's subject matter jurisdiction, the Court may address the issue *sua sponte*. *Elec. Priv. Info. Ctr. v. U.S. Dep't of Just.*, No. 19-cv-810 (RBW), 2019 WL 13549673, at *1, *2 n.2 (D.D.C. Apr. 5, 2019); *see Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Hall must show he has suffered an injury in fact that is "concrete and particularized." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Hall describes himself "as an interested party who is directly affected by the outcome of this case," because he voted for Defendant President Trump and thus has an interest in seeing the President's agenda implemented. ECF 33 at 1–2. Hall also claims an interest in the case as a Republican candidate for Congress in Pennsylvania who seeks to help enact the agenda of the President and vindicate the will of the voters of his district who voted for the President. ECF 33 at 2. Hall fails to establish standing because his alleged interests amount to a "generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573–74 (1992). Hall's failure to show standing requires denial of intervention as of right. *Yocha Deche*, 3 F.4th at 432.

Second, although the question of whether standing is required for permissive intervention has been described as "open" by the D.C. Circuit, *see Defs. of Wildlife v. Perciasepe*, 714 F.3d 1317, 1327 (D.C. Cir. 2013), the D.C. Circuit recently upheld a district court order denying a party's motion for permissive intervention under Rule 24(b) on the ground that the intervenor

lacked standing, *see Yocha Deche*, 3 F.4th at 432. In any event, the decision to allow permissive intervention is discretionary. *See* Fed. R. Civ. P. 24(b)(1) (noting that a court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact"); *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) ("[P]ermissive intervention is an inherently discretionary enterprise."). Hall's failure to demonstrate standing weighs in favor of denying permissive intervention. *Mayor & City Council of Baltimore v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 738 F. Supp. 3d 1, 12–13 (D.D.C. 2024) ("[T]he [movant's] failure to establish that it has Article III standing provides an additional reason to deny its request for leave to intervene permissively."). Permissive intervention is also inappropriate because Hall has not identified a "claim or defense" of his own that justifies participation in the case. Fed. R. Civ. P. 24(b)(1)(B). Hall "does not presently have a legally protected interest sufficient to warrant intervention and his participation as an intervenor would consequently not further resolution of the case." *Maverick Ent. Grp., Inc. v. Does 1-2, 115*, 276 F.R.D. 389, 395 (D.D.C. 2011).

    Hall fails to satisfy Rule 24's requirements. Accordingly, it is hereby

    **ORDERED** that Hall's motion to intervene, ECF 33, is **DENIED**.

    **SO ORDERED.**

                                                                                       JIA M. COBB
                                                                               United States District Judge

Date: September 23, 2025